UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRINITY MARTINEZ, III**  DOCKET NUMBER: _____

VERSUS  SECTION: _____

**CARNIVAL CORPORATION**  MAGISTRATE: _____

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

The plaintiff, Trinity Martinez, through undersigned counsel, respectfully says that:

### THE PARTIES AND JURISDICTION

1. The plaintiff is Trinity Martinez, is domiciled in the State of Louisiana.

2. The defendant is Carnival Corporation d/b/a Carnival Cruise Lines, Inc. Carnival is incorporated outside the State of Louisiana but does business in the State of Louisiana. At all material times, the defendant owned and/or operated the cruise ship on which the subject negligence occurred.

3. In this action, plaintiff seeks damages exceeding $75,000.00, exclusive of interest, costs, and attorney's fees.

4. There is federal subject matter jurisdiction in this case. As the amount in controversy is over $75,000.00, exclusive of interests and costs, and the parties are citizens of different states, 28 U.S.C. § 1332 applies. It also arises under admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333.

5. The defendant, at all material times, itself or through an agent or representative, in the Parish and District where this Complaint is filed:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county;

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state.

6. Venue is proper in the Eastern District of Louisiana because Carnival waived any rights to jurisdictional and venue clauses in the defendant's passenger ticket contract. Plaintiff filed this complaint in this District Court specifically relying on the defendant's decision to not share passenger ticket contract with plaintiff, despite repeated written requests. Plaintiff attached the written correspondence between the parties demonstrating these written requests, that plaintiff's counsel marked with Exhibit A, in globo.[1] Plaintiff pleads the statements in plaintiff's counsel's writings in extenso.

## NEGLIGENCE

7. At all material times, Carnival was in the business of providing vacation experiences on cruise ships.

8. On or about April 7, 2016, the plaintiff was a passenger and an invitee on one of the defendant's cruise ship, the Carnival Triumph, while it was at sea.

9. Carnival presents shows held in a theater onboard the ship. Passengers must walk through designated exits to leave the theater after a show finishes. The inside of the theater is carpeted, but the flooring at the exit changes to tiles.

---

[1] Exhibit A, in globo, consists of Liz Menendez's, Carnival Cruise Line Legal Services Department, 10-26-16 letter; Plaintiff's counsel's 12-21-16, 1-20-17, and 2-6-17 letters to Ms. Menendez; and printout from the U.S. Postal Services website showing delivery of the 2-6-17 letter.

10. On April 7, 2016 at about 12:00 p.m., the plaintiff carefully exited the carpeted theater onto the tiled floor immediately outside.

11. Prior to his exit, someone placed water on the floor where Mr. Martinez exited. No one placed any caution signs to warn guests that the floor was wet.

12. Mr. Martinez slipped on the water, fell backwards, and landed on his back. His head hit and bounced off the floor. The ship was at sea when this occurred.

13. Carnival knew, or should have known, that this walkway was wet. Yet it failed to block off the walkway, place warnings to passengers that the floor was wet, wipe the water from the floor, place some material on the floor to make it less slip resistant, change the type of flooring itself, or coat the walkway.

14. The defendant owed a duty to exercise reasonable care for the safety of its passengers. It also had a duty to warn of dangers known to the defendant where passengers are invited to or may be reasonably expected to visit.

15. Carnival breached these duties and was negligent by:
    a. Failing to keep the flooring of the walkway clean and dry to allow normal and safe foot traffic;
    b. Failing to warn the flooring on the walkway was excessively slippery and hazardous when wet;
    c. Failing to choose an appropriate material for the flooring of the walkway by the theater;
    d. Failing to replace the material when it was found to be slippery when wet;
    e. Failing to cordon the area because it was slippery when wet and dangerous;

    f. Failing to post warning signs in the area when it was wet and slippery;

    g. Failing to provide some mat, coating, or other material on top of the walkway flooring in order to make the walkway safe and to prevent slips and falls;

    h. Failing to inspect the walkway;

    i. Failing to observe the flooring was slippery when wet;

    j. Failing to properly and reasonably train employees in the proper methods of monitoring the walkway;

    k. Failing to properly and reasonably monitor and control the activities of people in an area, especially in an area with high traffic;

    l. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    m. Providing negligent maintenance to the area or the premises;

    n. Failing to otherwise maintain the area and premises in a safe and reasonable manner;

    o. Designing, building, and not changing the flooring which allowed substances and water to accumulate in an area for an unreasonable amount of time; and

    p. Allowing substances and water to accumulate on the walkway.

16. The defendant created a dangerous condition on the Carnival Triumph and allowed the dangerous condition to exist which caused an accident that severely injured the plaintiff on the date referenced above.

17. The defendant:

    a. Created the dangerous condition, through its agents or employees;

    b. Had actual knowledge of the dangerous condition; and/or

    c. Had constructive knowledge of the dangerous condition.

18. The defendant could reasonably foresee the dangerous condition and if it exercised reasonable care would have known about it.

19. In the alternative, the defendant did not need notice of the dangerous condition because it

    a. Engaged in and was guilty of negligent maintenance; and/or

    b. Engaged in and was guilty of negligent methods of operation.

20. The defendant created the negligent condition and it existed for a sufficient length of time so that Carnival should have known of it.

21. Because of the defendant's negligence, the plaintiff suffered, and continues to suffer:

    a. Incur medical expenses;

    b. Suffer pain and inconvenience;

    c. Be unable to perform his normal and usual activities;

    d. Suffer mental anguish and emotional distress.

22. Mr. Martinez is still suffering from his injuries and undergoes treatment.

23. The plaintiff requests a jury trial on all issues.

**WHEREFORE**, the plaintiff, Trinity Martinez, prays that the Court issue summons to the defendant, Carnival Corporation, citing it to appear and answer this complaint within the delays allowed by law. The plaintiff further prays that, after due proceedings, the Court render judgment in favor of the plaintiff, Trinity Martinez, and against the defendant, Carnival Corporation, in an amount reasonable in the premises, with judicial interest from date of demand, and for all costs of these proceedings.

Respectfully Submitted:

Attorneys for Trinity Martinez, Plaintiff

_____
JOHN A. VENEZIA (#23963)
johnvenezia@venezialaw.net
JULIE O'SHESKY (#36245)
julieoshesky@venezialaw.net
Venezia & Associates (APLC)
757 St. Charles Avenue
Suite 302
New Orleans, LA 70130
(504) 486-3910 voice
(504) 486-3913 fax

**PLEASE ISSUE SUMMONS TO:**

Carnival Corporation
Through Agent for Service of Process:
NRAI Services, Inc.
1200 South Pine Island Road
Plantation, Florida 33324